Thank you, your honor. May it please the court, I'm Peter Ramon Fiala's attorney for the appellant, Mr. Rivera Steed Rosales-Hernandez. Your honor, I'd like to reserve three minutes for rebuttal. This matter, your honor, arose in district court. Mr. Rosales pled guilty to illegal reentry after deportation. At sentencing, the defense presented an objection to the pre-sentence report. The pre-sentence report had assessed a 16-level enhancement because it claimed that Mr. Rosales' predicate conviction of Nebraska first-degree assault constituted a crime of violence under the catch-all provision of the sentencing guidelines. The district judge overruled the defense objection. We were allowed to withdraw from the plea agreement. There was no objection by the government to that, and we are here on that issue today. Counsel, may I just ask a preliminary question of you? Yes, your honor. Is aggravated assault under the modern penal code a general or specific intent crime? And can you point to any authority supporting your position, whatever it may be? Your honor, I believe that the modern penal code definition of aggravated assault is a specific intent crime. And the reason I say that is the modern penal code talks about attempting to cause serious bodily injury or causing such injury purposely, knowingly, or recklessly, manifesting extreme indifference. And as far as the Herrera case that recently came down from the court, there was a specific, call it discussion of modern penal code, and they said that the mens rea for that was actually had to be simple recklessness was not sufficient mens rea to get to the per se offense of aggravated assault. Extreme indifference could be. And I don't have a specific case I can cite to you that the modern penal code stands for specifically general intent. I would be happy to supplement my brief when I get back to Tucson on that specific issue to see if I can address that question to the court. Well, thank you very much. I may desert myself. I can't find any case. If you find one, I'd love to hear about it. I will. I'll try, your honor. The government's argument in its brief is that its position is that aggravated assault, or excuse me, that Nebraska first degree assault constitutes the enumerated offense of aggravated assault as used in the guidelines. We believe that's incorrect. And the reason I say that, your honors, is that the Nebraska assault statute is a general intent statute. The language that's used appears to indicate that it's specific intent, because it says intentionally or unknowingly causing serious bodily injury. But the Nebraska Supreme Court in the Williams case specifically laid out that that is a general intent statute, where effectively what's at issue is that the defendant intentionally or unknowingly do an act which then results in an injury. But there is no mens rea requirement for the injury. All this requires that you do something, and then that subsequently causes something. In Black's Law Dictionary, which obviously is not a case law, but when Black's talks about what constitutes general intent, they actually use language to say that it is akin to recklessness. Also, in one of this Court's own cases, in Arbayas-Gomez, which was talking about California Penal Code 246, which was held to be a general intent statute requiring a showing of conscious indifference, the court at 489F3rd at 976 said that conscious indifference is effectively recklessness. And that's the situation we run into here. We have a defendant that's been accused of a crime, pled no contest to it, and the mens rea for it was he intentionally did an act, but it was no requirement that he had planned the act or thought this would result. Was he convicted of the act or was it attempted first-degree assault? It was attempted first-degree assault, Your Honor. Did that change anything? What is the meaning of attempted under Nebraska law? Because in a lot of jurisdictions, intent gets more sharply defined in order to make somebody guilty of attempt. Well, I think what goes on, Your Honor, in the government's side of Nebraska 28201, which is their attempt statute, the way I look at it is it makes the mens rea intentional, but the statute on its face is already intentional in terms of you intentionally do or you intentionally cause serious bodily injury. And what they cite was intentionally engages in conduct which is a substantial step intended on, excuse me, and I'm quoting that incorrectly, that the defendant intentionally engaged in conduct. We're not arguing that he intentionally engaged in conduct. We wouldn't even argue that the conduct he engaged in might lead to the result that happened. The issue is whether that result was intended. And I think that's where the distinction lays out. So effectively, I don't think it changes anything. He intentionally, to use an example, discharged a firearm. He discharged a firearm. Nobody is arguing that particular element. Well, let me add, you mentioned the firearm. Let me add that piece. And I find this case very complicated and difficult to sort through, so please bear with me. We also know that he was convicted at the same time for use of a deadly weapon, a firearm. Without having to go into particular facts of the case beyond the convictions, doesn't that tell us that this isn't the hypothetical of somebody dealing with a glass of poison? If somebody is dealing with a firearm, then, in fact, you do have the threatened use of force? Your Honor, I think there's two separate statutes of conviction. We don't have the change of plea colloquy. This was under a no contest plea, so there wasn't even necessarily an admission by the defendant as to what happened. But taking the Court's question a little further, I think we can assume, I think the Court is assuming that those two offenses were correlated. It's probably a logical assumption, but I don't think we know that answer specifically. So it could have been some other. Entirely different episodes? I'm sorry? You're suggesting they might have been entirely separate episodes? I'm suggesting the record is unclear on that. And if the question of the Court has that, that was something that I think could be better developed back at the district court on a remand for that specific issue. And, Your Honor, I see that my rebuttal time, I'm into my rebuttal time, so I would reserve time with the Court if there are any specific questions I still ask. Thank you. We'll hear from the government. Good morning. May it please the Court, Celeste Corlett here on behalf of the United States. The district court correctly found that the Nebraska attempted aggravated assault statute qualified categorically as a crime of violence. This Court in Esparza-Herrera, which is now the case that governs, provided a generic definition of aggravated assault relying on the model penal code. The model penal code and the Nebraska statute substantially mirror each other in their definitions. The model penal code requires that the person cause serious bodily injury, purposefully, knowingly, or recklessly with extreme indifference. The Nebraska statute mirrors the model penal code in that it requires the person intentionally or knowingly cause a serious bodily injury. The Nebraska statute contains only intentionally and knowingly, which is even more clearly an aggravated assault in that it doesn't even allow for reckless conduct. But as counsel for defendant argued, it appears that the Nebraska courts have interpreted the intent to apply the first half to the statute, but not necessarily the second. That is, the act had to have been intentional, but the injury may not be covered by the intent requirement. But that's exactly what, in Esparza-Herrera, that's what this court has described the model penal code as providing. I don't have the F-3rd site, but I still have the Westlaw site, and it's at star 2, where it discusses the model penal code. It says that the model penal code provides that aggravated assault occurs only when a person acts purposefully, knowingly. And if you look at the case defendant relies on, the Williams case, they say exactly the same thing, that it's when one acts intentionally. And that's at page 566 on the Williams case. So it's acts intentionally under Williams, the way that the Nebraska court interprets the aggravated assault. And under Esparza-Herrera, they describe the model penal code as acts purposefully, knowingly. So they are exactly the same as far as where the intent goes. The intent is towards the action as opposed to the serious bodily injury. Williams also helps support the government because it specifically says, again, at page 566, that the difference between the 1st degree aggravated assault and 2nd degree aggravated assault is the mental state. And, again, that's at page 566. It says that the 1st degree requires intentional unknowingly, while the 2nd degree allows for recklessness. And then it goes on to define intentional as willful, purposeful, not accidental, not involuntary. So Williams actually helps to support the government's argument that the statute under which the defendant was convicted, the 1st degree aggravated assault, does only allow for intentional unknowing, not reckless. Counsel, I'd like to go back to Esparza-Herrera. And it suggests to me that it supports every man for reasons. Because like the Arizona aggravated assault statute in that case, the Nebraska 1st degree assault statute here, as interpreted by the Nevada Supreme Court, is missing an intent to cause serious bodily injury requirement. Your Honor, I would disagree that the model penal code, as Esparza-Herrera describes it, requires that the intent be toward the serious bodily injury. As I said, in Esparza-Herrera, they describe it as the person acts purposefully. So the intent is on the act, not on the outcome of the serious bodily injury. So I would argue that they are exactly the same in that regard. All right. And I would also like to address just a couple of other issues that defense counsel brought out. Defense counsel filed a notice of related cases, claiming that the Amador Beltran case was the same as this case. The government argues those are not the same. These are not the same state. That was California. This is Nebraska. And it's not the same statute. That was an assault with a weapon. This is aggravated assault. Also, defense counsel argues in his opening brief that the Nebraska statute is lacking the use of force element. And as we know from Gomez-Leon, cited in our answering brief, that because this is an enumerated offense, the use of force is not required, to show, to support that it's a categorical crime of violence. So in sum, the government would argue that the Nebraska statute is categorically a crime of violence, and the district court found so properly. There was another panel that had this exact issue before it. I'm sorry. Could you repeat the question? Another panel in the Ninth Circuit had the same issue? You mean in the case that the defense counsel filed in the notice of related cases? I think so. Yes, that's what he is claiming, but the government disagrees. It's not this Nebraska statute. It's a California statute. We have a prior panel that received this one who has the same issue. They have the same issue in as far as trying to determine what is an assault, but it's a completely different statute. It's a California statute. So we don't have to wait for them? I argue that, no, we do not have to wait for them, Your Honor, that it is a completely different statute. Any other questions from the court? Thank you, Your Honors. Thank you. Rebuttal. With regard to a couple of quick points, Your Honors, the government made a distinction between first and second degree Nebraska, so I'm talking about the reckless state of mind that was involved in that. Again, this statute in question here by Nebraska Supreme Court precedent requires general intent versus specific intent to cause an injury. As Judge Nelson said, that's one of the elements that's missing from the Nebraska statute versus the more I would call the, not the common sense, but the contemporary definition of aggravated assault as espoused by the court in Esparza Herrera. The recklessness, just to give an example in terms of the Nebraska statute, if you're engaging in stupidity with somebody and as part of that something gets a little out of control and you push somebody not anticipating that the fence behind him would give way and then he falls off a ledge, that I think would be reckless conduct in and of itself. That could lead to second degree assault. The particular situation we're dealing here is you're doing something intentionally. You know, you discharge a firearm into the air. To use an example from Colorado with a slightly similar statute in the Paris Vargas case, which was third degree assault, but also talks about intentional, knowing, reckless conduct, things of that nature. You know, they talk about intentionally placing a barrier in a roadway, intentionally exposing somebody to hazardous chemicals as not constituting a crime of violence because there was no force element. Aggravated assault, we've got a slightly different issue here, but it still goes to the same thought or idea. And what I mean by that is the conduct in question, we initially started up on the question of whether it had a force element. We submit that it doesn't. But the court also said that we're talking about a per se, you know, offense. That's not necessarily relevant. But the court in the sparsity of her error says you need a minimum mens rea of recklessness. Here, excuse me, extreme recklessness is what I would call a reckless exhibit of extreme indifference. Here we don't have that in terms of what the Nebraska statute provides. Well, we do. I mean, as to the intent that's required in the Nebraska statute, and here's what makes it so hard, you need more than recklessness for first degree. Whatever intent is required under the Nebraska statute, and is it clear to you or what is it we should look at in esparza that should tell us that the intent requirement goes not just to the act, that I'm aware I'm taking over the time, that's fine. The intent goes not just to the act, but also to the consequences of the act, that the intent should include the bodily injury part. In esparza, Your Honor? What in esparza suggests to you that intent is required to go to the bodily injury cause, not just to the pushing, but to the injury that results as a result of the pushing that you described? I think that goes to two things, Your Honor. In esparza, the court says you need to act recklessly in a manner showing extreme indifference to human life. That implies that you almost want what happens to happen. The Martin Penal Colossal goes on about intentional annoying, which effectively means that. The difference here is we don't know that. And, in fact, Nebraska, in its previous version of the statute, the way that statute was structured, I mentioned that in my opening brief, I believe. The previous statute was effectively a specific intent statute. It was structured differently, and then Nebraska changed the law to make it this way. Partially, it may be that with the general intent, you got away from having this argument about what specific intent was. Did you intend to hurt them or not? It made it a, call it a simpler process in terms of litigating this case. You did something, it happened. You know, you took your chances, now you pay the consequence. Versus a situation where we're talking about specific intent, well, you know, I did this, but I didn't really intend for that to happen. You can't make that argument. You can't say I shot and I was aiming to the left of the caryatid there and ended up shooting the person that was sitting between them. That was my mistake. Well, if you're shooting, you're probably out of luck in any event. But the distinction between intent to do the act and intent to cause the injury, I think your argument is that Nebraska, it's very limited to the first. And in the model penal code or in our decision in ESPARZA, intent goes as well to the second. Exactly, Your Honor. And I think that's the key difference. Another way of putting it is the law has gradations. And as we say, ignorance of the law is never a defense. But stupidity sometimes can be an argument for a reduced offense because you act with a different evilness. It's one person you want to hurt somebody, it's entirely different if they do something stupid than hurt somebody. And the way the Nebraska statute is structured is it's structured to take away that whole argument about stupid in terms of I did this stupidly, I didn't intend to hurt them. That says it doesn't matter why you did it or how you did it, you hurt them, now you're guilty. If the Court has no further questions. Thank you. We thank both counsel for your argument. The case just argued is submitted. The next case listed on the calendar is also submitted on the briefs. That's the Hernandez-Gadalnaz case. And so the next case for argument is the United States v. Hooks.
judges: Nelson D. W., Clifton, King